ANTHONY RUGGIERO, Appellant, *v.* STATE OF NEW YORK, Respondent.
(Claim No. 24174.)

FRANCES B. RUGGIERO, Appellant, *v.* STATE OF NEW YORK, Respondent.
(Claim No. 24175.)

Third Department, March 8, 1939.

*Bechtold & Bernstein* [*Seymour Bernstein* of counsel], for the appellants.

*John J. Bennett, Jr.,* Attorney-General [*Leon M. Layden* and *James H. Glavin, Jr.,* Assistant Attorneys-General, of counsel], for the respondent.

BLISS, J. These claims are for damages resulting from an automobile accident which occurred on State Highway Route 17C in the village of Owego on September 2, 1935. During the latter part of that evening the automobile which the claimant Anthony Ruggiero was driving, and in which his wife, Frances Ruggiero, was a passenger, ran off the highway while rounding a curve and struck a tree, resulting in serious damage to claimants. The road at this point runs generally east and west and the claimants were driving west toward the center of the village of Owego. The highway was a two-strip, concrete pavement. Each strip was ten feet wide with five-foot shoulders of black macadam on either side. Concrete curbs and gutters ran along the outside edges of the macadam.

Adjacent to each curb was a grass plot in which were located a number of trees and beyond which was the village sidewalk. On the private lawn south of the south sidewalk was some shrubbery, so that the view around the curve was somewhat obstructed. The pavement was dry and the night clear. The curbs were painted white. The easterly village line is located about 1,700 feet east of the curve where the accident happened and there was a sign at that point with the legend " Village of Owego, Founded 1779." From that point westerly to the scene of the accident the highway was practically straight and level and there were several houses fairly close together along the northerly side of the highway. Five warning signs apprising the west-bound traveler that he was approaching a curve and warning him to proceed slowly were located along the northerly edge of the highway at three points, all east of the curve with the most easterly over 400 feet from the scene of the accident. There was also a village street light at the beginning of the curve. In the space between the curb and the sidewalk along the northerly side of the street were four large trees each having reflector button bands attached. It was the last or most westerly tree with which the automobile came in contact. This newly-constructed highway had been accepted by the State less than a month before the accident and the new concrete pavement showed white against the black shoulders. The curve was very flat and became sharper as one proceeded toward the west. The driver testified that as he saw the various warning signs he slowed the speed of his car down from thirty-five to twenty-five miles per hour, that his headlights were lighted, that as he reached the most westerly warning sign he saw two trees ahead about the width of the road apart and then for the first time he realized that the road turned more sharply to the left, but before he could apply his brakes and while attempting to negotiate the turn, his car came in contact with the tree. The Court of Claims found no negligence on the part of the State and that the car was being driven in a careless manner at an excessive rate of speed, which was the sole cause of the accident.

Appellants urge the State was negligent in creating and maintaining a dangerous curve in its highway without ample sight distance for its entire length and that the warning signs were inadequate.

We see no reason for disturbing the findings below. While it may be readily conceded that our standards of safe construction of highways are being gradually raised, curves are still necessary and as to them the principal duty resting upon the State is to give adequate warning. This is especially true when the highway is

within a village or other congested area. The mere construction of a curve without a clear sight distance around its entire length is not *ipso facto* negligence, particularly when it can be safely negotiated by an automobile proceeding at a moderate rate of speed. The warning signs here were more than ample to apprise a careful driver that he was approaching a curve and a place of danger. This driver should have been fully aware of the fact that he was within a village and that greater care and slower speed were there required of him than on the open road. The cases of *Huston* v. *County of Chenango* (253 App. Div. 56; affd., 278 N. Y. 646) and *Countryman* v. *State of New York* (251 App. Div. 509; affd., 277 N. Y. 586), cited by appellants, dealt with the failure to erect proper barriers, both for warning and protection purposes and do not apply to the situation at hand. The irresistible conclusion here is that the driver's failure to heed the ample warnings given by the five signs located east of the curve was the sole cause of the accident and that there was no failure of care on the part of the State.

The judgments should be affirmed, without costs.

CRAPSER and HEFFERNAN, JJ., concur; HILL, P. J., concurs in the result.

MCNAMEE, J. I concur in the affirmance of the judgments on the ground that no negligence on the part of the State was shown, but I know of no decision, clarified by an opinion of the Court of Appeals, in which it has been held that the standard of highway safety has been raised as a matter of law, or by which it has been held that barriers are required to prevent a traveler on a highway from running off the road. (*Best* v. *State of New York*, 203 App. Div. 339; affd., 236 N. Y. 662; *Roberts* v. *Town of Eaton*, 238 id. 420.)

Judgments affirmed, without costs.