MAX KAUFMAN, as Administrator of the Estate of PAULINE KAUFMAN, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (And Other Related Actions.) (Claims Nos. 35048, 35049, 35050, 35051, 35052.) — REYNOLDS, J. Appeal from a judgment of the Court of Claims dismissing appellant's claim after a trial on the merits. Claimant, Max Kaufman, seeks to recover for injuries sustained by himself, his deceased wife and his two minor children,

when his automobile failed to negotiate a zigzag curve on Route 9W between Catskill and Saugerties and struck an embankment. The Trial Judge denied all claims, finding that the State had not negligently constructed and maintained the road, that there were adequate warning signs and that Max Kaufman, the driver, was contributorily negligent. Although by today's enlightened criteria the road would possibly not be properly constructed, it is readily evident that it did comply with the standards applicable when it was planned and built in 1911 and the State was not required to rebuild the road at this point, a major undertaking according to the testimony, unless the curve could not be negotiated at a moderate speed (*Ruggiero* v. *State of New York*, 256 App. Div. 437). On the instant record the trial court was not required to find that it was impossible to negotiate the curve at the posted speed limit. Similarly, he was not required to find that the six warning signs placed at four different locations were inadequate (*Ruggiero* v. *State of New York*, *supra*; cf. *Canepa* v. *State of New York*, 306 N. Y. 272) or confusing. Nor does the fact that one particular sign was 100 feet too close to the curve affect the result since the other signs gave an adequate warning (*Hicks* v. *State of New York*, 4 N Y 2d 1, 7–8). Finally, there was more than adequate proof that Max Kaufman was guilty of contributory negligence which would act as a bar to his claim. Accordingly, since we find advanced no other adequate grounds for reversal, the trial court's dismissal of the claims must be affirmed. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Staley, Jr., and Brink, JJ., concur with Reynolds, J.