■ IRENE S. STUART-BULLOCK, as Administratrix of the Estate of PATRICIA J. STUART-BULLOCK, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 48922.)—Appeal from a judgment in favor of claimant, entered May 19, 1970, upon a decision of the Court of Claims. This case arises out of a fatal automobile accident at Milepost 10.4 east on the Cross-Westchester Expressway, also known as Route 287, on August 26, 1967, at about 3:00 P.M. The two east and two westbound lanes of the expressway were separated by a mall 20½ feet in width (four-foot blacktop strips on each side of a grass center 12¼ feet in width): no barrier separated the eastbound and westbound traffic. It had been raining and the road was wet. Trooper Finnan, who arrived at the scene about 20 minutes after the occurrence of the accident (no eyewitness testified), observed tire marks on the mall showing that decedent's car (a 1963 Volkswagen sedan) was proceeding easterly when it left the expressway and crossed the mall. After crossing the mall decedent's car struck a car in the westbound lane head-on, continued, and struck guardrails on the north shoulder of the exit ramp to Route 95 south. Claimant's expert testified that curbing, which should have been present, was not; that there should have been a guardrail in the mall separating east and westbound traffic; that the curve signs were inadequate as it was an abnormal curve (4½ degrees); and that the directional signs were misleading. The court below found that the State was negligent "in the design, construction, maintenance, repair and operation of Route 287" and that the decedent's death was caused by such negligence. More specifically, it found: (1) that no other car forced decedent's car off the road, but rather that the

car was forced to leave the eastbound lane and cross the median "after the wheels of her car became engaged in the ruts adjoining the left eastbound lane which had no curbing" and that this defect was one of the defects which caused decedent's death; (2) that another defect, "which was alone sufficient to render the State culpable", was the absence of a median barrier; and (3) that in view of the "complex and dangerous condition" in the area the State did not adequately discharge its duty to post signs to give drivers adequate warning of the "hazardous conditions" in that: (a) the State did not adequately discharge its duty of providing reduce speed signs in the immediate vicinity of the accident and in the required reasonable distance before it; (b) the signs present did not give adequate and timely warning of the "dangerous curve"; and (c) the directional signs were inadequate and were so confusing and contradictory "as to create a peril in and by themselves". Appellant contends, as its first point, that claimant failed to establish that the death of Patricia Jill Stuart-Bullock was caused by the negligence of the State in the design, construction, maintenance and operation of the Cross-Westchester Expressway. We agree. The trial court's determination cannot, for a variety of reasons, be affirmed. Although there was testimony that there was no curbing on the left eastbound lane, the record contains no evidence that there were ruts present which could have caused the decedent's car to veer off the road and into the westbound traffic. Thus, the trial court engaged in pure speculation in so concluding. This is clearly insufficient to support an award (see *Frohm* v. *State of New York*, 34 A D 2d 724, affd. 28 N Y 2d 703). Where there are several possible causes of an accident, for one or more of which a defendant is not responsible, a plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which the defendant was responsible (*Ruback* v. *McCleary, Wallin & Crouse*, 220 N. Y. 188, 195; *Frohm* v. *State of New York, supra*; *Maislin Bros. Transp.* v. *State of New York*, 15 A D 2d 853). Such was the situation here, and the record is devoid of any proof that the accident was caused wholly or in part by any negligence on the part of the State. The finding that the State was negligent in failing to install a median barrier in the vicinity of the accident was clearly erroneous. Although claimant's expert would have constructed the road differently, he admitted on cross-examination that it was not accepted practice at the time of construction of the highway to have median barriers on a highway such as this one (it was not until May 3, 1967 that it became standard practice for the State to include such barriers in the design of similar roads). The road, as constructed, complied with both Federal and State standards (*see Kaufman* v. *State of New York*, 27 A D 2d 587; *Ruggiero* v. *State of New York*, 256 App. Div. 437) and, "In the area of highway safety, at least, it has long been the settled view, and an eminently justifiable one, that the courts should not be permitted to review determinations of governmental planning bodies under the guise of allowing them to be challenged in negligence suits; something more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public". (*Weiss* v. *Fote*, 7 N Y 2d 579, 588 [Fuld, J.]; *Schoonmaker* v. *State of New York*, 32 A. D 2d 1005.) Nor was the State guilty of undue delay in erecting the barrier once it was determined that barriers should be added to highways such as the Cross-Westchester Expressway. Even if it could be said that the State was negligent in failing to install a median barrier, liability may not be imposed as there has been no showing that the failure of the State in erecting a median barrier could in any way be considered the proximate cause of the accident (see *Gladstone* v. *State of New*

*York,* 23 A D 2d 593, affd. 18 N Y 2d 987). A duty transcending that of reasonable care and foresight will not be imposed upon the State; it will not be required to become an insurer of the safety of travelers using its highways. Since we find no evidence in the record that in the area of the accident there were "hazardous conditions", there was no need for the State to give warnings of the same. Nor were the signs present so confusing so as to amount to negligence. The curve and arrow signs were sufficient to give clear and adequate warning of the curve and a "reduce speed" sign was not necessary (see *Tamm v. State of New York,* 29 A D 2d 601, affd. 26 N Y 2d 719). As to the large directional signs which crossed the highway at Mileposts 9.6 east, 10.2 east and 10.3 east, they were neither confusing nor contradictory, especially for a driver such as decedent who had traversed this road previously, both as a passenger and as a driver. Nor, it should be pointed out, can all these elements constitute negligence on the part of the State by taking them together. The duty of the State to users of its highways is to adequately design, construct and maintain said highways and to give adequate warning of existing conditions and hazards to the reasonably careful driver (see *McDevitt v. State of New York,* 1 N Y 2d 540). The State has filled its duty. Although the court might sympathize with the family of the deceased, there is a burden of proof which must be fulfilled. Negligence and proximate cause must be established and this claimant failed to do. We therefore need not reach the issues of the alleged erroneous admission into evidence of certain accident reports and the alleged excessiveness of the award. Judgment reversed, on the law and the facts, without costs, and claim dismissed. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.