■ JOHN C. AGIUS, Individually and as Administrator of the Estate of DONALD AGIUS, Deceased, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 57407.)—Appeal from a judgment, entered March 21, 1975, upon a decision of the Court of Claims. At approximately 1:15 A.M. on April 4, 1972 the deceased, then 18 years of age, was a passenger on a motorcycle owned and operated by his friend, Gregory Prato, also 18, who was proceeding westbound in the left-hand lane on the Southern State Parkway on Long Island. At a point approximately 1,000 feet west of the Wantagh Avenue exit and where the parkway begins a slight curve to the north for westbound traffic, Gregory apparently lost control of his motorcycle and struck the curb of the grassy mall which divides eastbound and westbound traffic. As a result, the decedent was thrown from the cycle and received serious injuries which caused his death some two hours later. At the time of the accident, the weather was clear, cold and dry. Adjacent to the parkway and along its northerly shoulder, excavation for a sewer line was in progress, pursuant to a contract between the Nassau County Department of Public Works and its contractor. Permission for this construction under and along the Southern State Parkway had been granted by the Long Island State Parkway Commission and, except for the issuance of this permit, neither the State nor any of its agencies had any active involvement in the project. At the time of the accident and for four or five days prior thereto, the parkway lights in the area of the accident had not been working. The claimant asserts that the State was negligent in that it allowed sand and gravel from the construction project to accumulate upon the highway and that the presence of this substance on the highway caused

the motorcycle to go out of control, thus causing the accident and resultant injuries and death. Claimant further asserts that the State was additionally negligent in that it failed to properly supervise and inspect the sewer installation project so as to provide precautionary measures and thereby prevent dirt, sand or gravel from accumulating on the highway. While the State has a nondelegable duty to maintain its highway in a reasonably safe condition for travel (Highway Law, § 12; *Doulin v State of New York*, 251 App Div 767, affd 277 NY 558), it is not an insurer of the safety of those who travel thereon. While there is some evidence of sand or gravel being near the curb area at a point some 55 feet away from the site of excavation, the credible evidence indicates that the road surface there was free of any such material and the court so found. Even if we assume that there was an accumulation on the road surface, the claimant must prove that its presence was a contributing cause of the accident. The operator of the cycle testified that the headlight amply illuminated the highway and that he did not remember seeing any foreign substance in the highway. He was unable to explain why the cycle went out of control, but enumerated a number of possible causes. We recognize, of course, that a claimant in a death action is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence *(Noseworthy v City of New York*, 298 NY 76). Speculation, guess and surmise, however, may not be substituted for competent evidence, and where, as here, there are several possible causes of an accident, one or more of which a defendant is not responsible for, a plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which the defendant was responsible *(Stuart-Bullock v State of New York*, 38 AD2d 626, affd 33 NY2d 418, and cases cited therein). In order to be entitled to recovery, the claimant must establish negligence and proximate cause and that burden has not been fulfilled. Having reached this conclusion, we need not discuss any other issue. Judgment affirmed, without costs. Herlihy, P. J., Kane, Koreman, Main and Reynolds, JJ., concur.