■ MARIE BOURDY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 57296.)—Appeal from a judgment in favor of claimant, entered April 21, 1975, upon a decision of the Court of Claims. Claimant was injured when she stepped in a hole adjacent to the location of a stop sign installed and maintained by the State near the intersection of Athasca Road and Montauk Highway in Suffolk County. She maintained that the original sign, installed in 1967, had recently been replaced by the State prior to her accident, and that the original hole had been left unfilled, became covered with leaves, and thus was not visible to one lawfully traversing the area. The State, on the other hand, contended that the original sign had been installed by imbedding a particular type of post in concrete and attaching the sign thereto; that this work had been performed by independent contractors, whereas State personnel had installed and replaced such signs by use of different methods and with different materials in more recent years, and that an inspection of the sign in question after the accident revealed it had not been replaced, but was, in fact, still imbedded in concrete as described

by the contractor who made the initial installation. From the foregoing, the State argued that there was no proof that they created the hole into which claimant fell, or had any knowledge of or control over the site of the accident. The Court of Claims accepted claimant's version and found in her favor. An examination of the record fails to disclose sufficient evidence to support a finding that the State is responsible for claimant's injuries. Any finding of liability on the part of the State must be premised on an inference that a hole was left following relocation of the sign. There simply is no proof, however, that the particular hole which precipitated claimant's injuries was the product of any action or inaction on the part of the State or its employees. On the contrary, the evidence is overwhelming that the sign in question was never moved from its original location. Claimant has not sustained her burden of proof and the award based upon evidence contained in this record is founded upon sheer speculation (cf. *Stuart-Bullock v State of New York,* 38 AD2d 626, affd 33 NY2d 418). Judgment reversed, on the law and the facts, and claim dismissed, without costs. Greenblott, J. P., Kane, Mahoney, Main and Herlihy, JJ., concur.