■ ROSE PALMERI, as Mother and Natural Guardian of ANTHONY PALMERI, an Infant, et al., Appellants, v LEO A. SPIES, Respondent, et al., Defendant.—Appeal from a judgment of the Supreme Court, entered December 28, 1977 in Ulster County, upon a verdict rendered at a Trial Term, in favor of defendant, Leo A. Spies, against plaintiff, Rose Palmeri, as mother and natural guardian of Anthony Palmeri, an infant. On March 20, 1976, defendant Spies was driving an automobile in New Paltz, New York, which struck and injured the infant plaintiff. Spies had made a left-hand turn at an intersection onto South Manheim Boulevard. He had proceeded along South Manheim Boulevard approximately 300 feet when his automobile struck the infant plaintiff who was attempting to cross the street. According to Spies' testimony, there were 8 to 10 cars in the oncoming lane which were stopped for a traffic light, the last of which was a van or a panel truck. Spies testified that the infant plaintiff darted out from behind the van and was about eight feet away from his auto which was traveling at a speed of less than 10 miles per hour, when he first came into view. Thus, according to Spies, the accident was unavoidable. Following the close of evidence at trial, the trial court dismissed the derivative cause of action of the infant's mother following defendant Spies' motion for a directed verdict. The case on behalf of the infant plaintiff went to the jury, which returned with a verdict of no cause of action. The infant plaintiff appeals from the judgment entered upon the jury's verdict and contends that the verdict of no cause of action is unsupportable since it is against the weight of the credible evidence. Where a verdict has been rendered in favor of a defendant, it should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence *(Sorokin v Food Fair Stores,* 51 AD2d 592; *Olsen v Chase Manhattan Bank,* 10 AD2d 539, 544, affd 9 NY2d 829). Based upon the evidence presented at trial, the jury could reasonably conclude that the defendant Spies was not negligent in the operation of his automobile and that the accident was unavoidable. As a result of the accident, the infant plaintiff suffers from amnesia and thus did not testify at trial. While it is true that this may entitle him to recover upon a lower degree of proof than required of a plaintiff who is competent to testify to the facts of the accident *(Wartels v County Asphalt,* 29 NY2d 372, 380; *Schechter v Klanfer,* 28 NY2d 228, 231), the jury was correctly charged regarding this matter. Accordingly, we see no reason to disturb the jury's verdict in this case. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.