■ GERARD GREEN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59974.)—Appeal from a judgment in favor of claimant, entered October 2, 1978, upon a decision of the Court of Claims. At approximately 9:30 P.M. on November 11, 1975, claimant was operating his motorcycle westerly along Jericho Turnpike, State Highway Route 25. Approximately 50 yards prior to the intersection of Jericho Turnpike and the Long Island Expressway, Jericho Turnpike westbound consists of four lanes. A short distance before the situs of the accident, there is a "Y" intersection where three lanes curve sharply to the left, while the right lane continues straight and intersects with the Long Island Expressway. Claimant testified that he and his passenger entered the curve to the left, traveling at approximately 45 miles per hour in the right-hand lane. In negotiating the curve, he reduced his speed to approximately 35 miles per hour; however, his bike "hit some debris and the bike started to skid from under me". The bike then struck the raised curb to the right of the right-hand lane, and "from that point on, I was unconscious". Claimant thereafter commenced this action to recover damages for his severe personal injuries caused by the accident. The Court of Claims concluded that the State's failure to properly maintain the highway at the situs of the accident constituted negligence for which the State was liable. The court awarded claimant, a paraplegic as a result of the accident, $716,274.17. The State contends upon this appeal that there was no direct evidence that debris caused claimant's motorcycle to skid and leave the road. We disagree. The existence of debris at the situs of the accident was amply proven by the testimony and exhibits at trial, and it was clear that the solid white line on the far right-hand side of the left curve was obscured by sand and debris. We agree with the court that the State was negligent in failing to remove the debris despite ample notice, and that such negligence caused the accident. Further, we concur with the court that the State's reliance upon *Agius v State of New York* (50 AD2d 1049) is misplaced. In *Agius* the operator of the cycle was unable to explain why it went out of control; here, both claimant and his passenger testified that the debris caused the motorcycle to skid. Next, we reject the State's argument that the trial court erred in disregarding an alleged admission by claimant that an automobile had run him off the road. The police officer to whom the statement is asserted to have been made did not mention in his accident report that another vehicle was involved, and he admitted at trial that claimant may have said something entirely different such as "I ran off the road." With respect to the statement by claimant's mother in an accident report to the effect that another automobile had driven claimant off the road, the testimony indicated that she had not spoken to claimant or anyone else with first-hand knowledge concerning the accident before she signed the report and before it was completed. Finally, since claimant reached the age of majority prior to trial and while bills for his medical expenses were still accruing, the court correctly awarded him special damages for medical and related expenses. The State's other contentions have been considered and found to be without merit. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.