■ In the Matter of MARIA T. GALANTHAY, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered November 6, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination by the New York State Teachers' Retirement System. Judgment affirmed, upon the opinion of Mr. Justice Cholakis at Special Term. Mahoney, P. J., Greenblott, Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to annul in the following memorandum.
Mikoll, J. (dissenting). I respectfully dissent. This particularly distressful matter involves the denial of retirement benefits to petitioner, a former part-time teacher, by respondent after it had confirmed petitioner's eligibil-

ity for a retirement pension. Petitioner retired under the Career Retirement Plan of the New York State Teachers' Retirement System. Having less than 10 years of service, petitioner's eligibility was governed by subdivision 1 of section 535 of the Education Law. The section reads as follows: "Any other provision of law to the contrary notwithstanding, on or after July first, nineteen hundred seventy a member may retire pursuant to the provisions of this section when, * * * c. he has attained age fifty-five or older and has credit for two or more years of full time service in the period subsequent to June thirtieth, nineteen hundred sixty-seven and has rendered two years of full time New York state service in the period subsequent to his attainment of age fifty-three and subsequent to the date upon which he last joined the retirement system by filing with the system a statement duly attested, setting forth at what time not less than thirty days nor more than ninety days subsequent to the execution and filing thereof he desires such retirement." Respondent, on petitioner's inquiry, advised her that she was eligible to retire under this section. Petitioner submitted her retirement application, effective October 31, 1976. Several payments of benefits were made thereunder. The respondent then recalculated petitioner's service credits and advised her that she fell short of the necessary two years' service subsequent to attaining the age of 53. Having relied on the assurances of respondent, petitioner finds herself belatedly bereft of her retirement pension and unable to find re-employment due to her age and the surfeit of teachers in the market. There is no disagreement with the proposition that membership in a retirement system is a contractual relationship that binds the applicant for membership to the formula offered by the State for membership (NY Const, art V, § 7). As a part-time teacher, petitioner voluntarily joined the retirement system on September 13, 1964. She then became bound by the rules of the system. She inquired of respondent as to her service credit. The petitioner was assured by respondent that she had five years' and two months' service as of July 1, 1975. A dismaying aspect of this matter involved the fact that part of the original calculations of the department, which resulted in their misinformation to petitioner, was based on a formula *selected and applied by them*. Respondent used a formula which related the amounts paid to petitioner to the contract salary for an equivalent full-time professor in arriving at pension credits. Having made these calculations and having permitted them to become a part of the petitioner's employment history, it is difficult to accept as excusable respondent's belated reinterpretation of the same records to the petitioner's detriment. This is not a case of error in the original records since the information supplied by petitioner's employer was correct. It is only respondent's failure to inquire further of petitioner's employer as to whether she was an hourly or contract employee which has worked to her detriment. The information secured belatedly by respondent on January 6, 1977 resulted in a different formula being applied to her situation. I note too that the new credit formula was applied to petitioner's employment record as far back as 1966. The question arises as to whether in circumstances such as these, where respondent was in possession of petitioner's work record and where it failed to seek further amplification or information contained therein as it deemed appropriate, it can now at this late date deny petitioner entitlement to pension benefits. It is speculative as to whether petitioner has the right to sue the respondent in negligence. In any event, such consideration is not determinative on the issue of estoppel before us. In order to demonstrate the equitable right to estoppel, the party adversely affected must show lack of knowledge and means of knowledge of the truth to the facts in question,

reliance upon the conduct of local governmental personnel, and action based thereon of such a nature as to change her position prejudicially *(Quaglia v Incorporated Vil. of Munsey Park,* 54 AD2d 434, affd 44 NY2d 772). The Court of Appeals spoke to the question in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662). It indicated that when a governmental subdivision acts wrongfully or negligently, inducing reliance by a party who is entitled to rely on it and who changes its position to its detriment, such a governmental body should be estopped from asserting a defense otherwise available to it. It appears that judged by the standard of our highest court, this petitioner is entitled to relief on ground of estoppel *(Matter of Bearman v New York City Dept. of Social Servs.,* NYLJ, Sept. 18, 1978, p 12, col 4). The determination should be annulled and the matter remitted to the respondent for further proceedings not inconsistent herewith.