■ MATILDA LOOMIS, Respondent, v SUN OIL COMPANY, Respondent, and NATIONAL FUEL GAS, Appellant.—Order unanimously reversed, with costs, and motion granted. Memorandum: Special Term erred in denying the motion of appellant National Fuel Gas (NFG) for summary judgment (CPLR 3212) dismissing the complaint and cross claim against NFG for injuries allegedly suffered when plaintiff fell into a hole in the sidewalk on property owned by defendant Sun Oil Company on which third-party defendant Sciortino operated a gas station. To be sure, summary judgment against a plaintiff in a negligence case is rarely granted (see *Andre v Pomeroy*, 35 NY2d 361; *Haig v Channing Co.*, 54 AD2d 992) but it is warranted here, where there is no evidence to support plaintiff's conclusory allegations that the hole into which she fell was maintained or controlled by NFG as a gas hole or valve. Plaintiff submitted no evidence refuting the testimony of Herbert Funk, foreman for NFG, who personally inspected the accident site, that the hole was a sewer vent not controlled by NFG and that the only NFG gas valve nearby was located on property to the south of the property on which the accident occurred. The testimony of Sciortina that a few days prior to the accident NFG had done some excavating work on the sidewalk of the adjoining property and that the work "might have" affected the sidewalk in front of the gas station, in the absence of evidence that NFG's construction work affected the condition of the hole or in any way caused or contributed to plaintiff's fall, is irrelevant and not sufficient to defeat the motion. "Only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231, citing *Mallad Constr. Corp. v. County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). (Appeal from order of Erie Supreme Court—dismiss

complaint.) Present—Cardamone, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.