■ LAWRENCE GUNN, Respondent, et al., Plaintiffs, v GOOD LUCK TRUCK RENTAL, INC., et al., Defendants, ANTHONY O. PEACE, Respondent, and CITY OF NEW YORK, Appellant. (And Another Action.) — Judgment, Supreme Court, New York County (Shorter, J.), entered July 1, 1980, in favor of plaintiff Lawrence Gunn against defendant-appellant City of New York for $700,000, plus interest and costs, is unanimously reversed, on the law, without costs, and

the complaint is dismissed as against the City of New York. The accident here involved occurred on the Long Island Expressway on a section of it in Queens also known as the Queens-Midtown Expressway. Title to the Long Island Expressway resides in the State. (L 1971, ch 617, § 3.) The State constructed the expressway after approving the designs therefor. Design and construction of the expressway were State functions. (Highway Law, § 349-c, subds 1, 3.4.) Responsibility of the city was for maintenance. (Highway Law, § 349-c, subd 3.4.) And the testimony establishes that the city in practice confined itself to the maintenance function. The claim here is that although the expressway when constructed was safely and properly designed and constructed as of that time, without median dividers in the area of the accident, the enormous increase in traffic as well as changes in safety standards required that median dividers be provided in this area. Passing the question of whether such developments and changing standards imposed a duty to install median dividers on existing roads (cf. *Kaufman v State of New York,* 27 AD2d 587, 588; *Hagen v State of New York,* 53 AD2d 802), the provision of such median dividers would be a change in design and construction and not a maintenance function, and thus, failure to provide such median dividers was not a breach of the city's duty. Concur — Sullivan, J. P., Ross, Lupiano and Silverman, JJ.

Markewich, J., concurs in a separate memorandum as follows: While I concur in the dispositive memorandum, I would add that, even regardless of ownership of the road, whether or not to install a traffic control device "is a discretionary governmental function, not resulting in liability on the city's part. (See *Weiss v Fote,* 7 NY2d 579, 584-585; *Evers v Westerberg,* 38 AD2d 751; *Riss v City of New York,* 22 NY2d 579.) Nor was this a situation wherein there was failure properly to maintain an already established control. (*Eastman v State of New York,* 303 NY 691.) The complaint against the city should have been dismissed" (*Cimino v City of New York,* 54 AD2d 843, 844, affd 43 NY2d 966, on mem at App Div).