PATRICIA A. PONTELLO, Individually and as Administratrix of the Estate of GEORGE S. PONTELLO, Deceased, Appellant, v COUNTY OF ONONDAGA, Respondent.

Fourth Department, July 11, 1983

APPEARANCES OF COUNSEL

*Foss, Schuman & Drake* (*Anthony F. Endieveri* and *Richard Kuhlman* of counsel), for appellant.

*Robert J. Rossi, County Attorney* (*Christopher Mack* of counsel), for respondent.

OPINION OF THE COURT

SCHNEPP, J.

We are called on to consider the potential liability of the defendant county for damages arising from an unwitnessed single-car accident in which the motor vehicle left the paved portion of the highway due ostensibly to driver error, traveled along the road's shoulder and an abutting ditch and crashed into a culvert. Special Term found that the issue of proximate cause "is one of, at best, speculation and surmise without any factual basis" and it granted summary judgment to the county because "[t]here is simply no triable issue." We disagree.

The essential facts are not disputed. On September 2, 1978 at 3:00 A.M. the police found George S. Pontello, who was suffering from severe head injuries, lying across the front seat of his 1972 Chevrolet. The car was sitting on the north shoulder of Howlett Hill Road and it had heavy front-end damage to the right center area, a shattered windshield and a pushed-in dashboard. Pontello was transported to a hospital where he died a short time later. At the hospital it was determined that he had a blood alcohol content of .287 of 1%.

After examining the scene, the police concluded that Pontello had been driving westbound on Howlett Hill Road and had just negotiated a curve when his vehicle went off the roadway and into the drainage ditch running alongside the road. The police wrote in their report that: "The right tire of the victim's vehicle traveled in the drainage ditch (approx 3'-0'' depth) while the left tires traveled along the shoulder which consisted of a loose granular gravel * * * Judging from the tire prints and the damage to the vehicle it appeared that the victim's vehicle traveled off the right shoulder, having the right wheels down the drainage and the left wheels on the shoulder (as if in banked position)." The police further noted in their report that the car, after traveling in this manner for 62 feet, struck a culvert to a driveway at 3987 Howlett Hill Road, then continued in a westerly direction until it came to rest on the north shoulder of the road. When the police found the car, "[t]he vehicle was in such a position that [it] appeared as if the vehicle was intentionally parked parallel with the roadway." The police were unable to locate any skid marks on the pavement or other signs to indicate why Pontello veered off the road.

Thereafter, Pontello's wife commenced this wrongful death action against the county alleging that the negligence or carelessness of the county caused the accident. The county's negligence was alleged to consist of its failure to provide a guardrail or other suitable barrier to prevent a vehicle from leaving the highway and falling into the drainage ditch, the failure to provide signs or other warning devices to notify drivers of the dangerous drop-off, the failure "to have the highway wide enough with sufficient

wide enough soft shoulder", and the failure to reduce the sharp curvature of the road.

After examinations before trial were conducted and a note of issue was served by plaintiff, the county moved for summary judgment. It alleged that no evidence of any kind existed from which an inference may be drawn as to what caused the car to leave the road surface, with the exception of Pontello's .287 blood alcohol level, and that plaintiff failed in its duty to set forth evidentiary facts which would support a finding that the county's negligence proximately caused the accident and resultant injuries.

In opposition, plaintiff submitted expert proof by affidavit that the county was negligent in its construction, signing and maintenance of the roadway. Of critical importance to this appeal was the expert proof that the right-hand pavement edge was loose, broken and deteriorated, that, between this broken pavement edge and the unmarked ditch, a crumbling shoulder existed which was too narrow to provide the safe roadside recovery area required by applicable engineering standards and that the shoulder area showed significant distress and dropped below the pavement edge making it difficult to bring under control a vehicle which left the pavement before the vehicle reached the unmarked ditch. A civil engineer, who inspected the accident scene, examined official photographs of the crash site and the police reports, swore that "[t]he danger was very great of any vehicle becoming trapped by the County's negligent road maintenance once it left the pavement due to the County's negligent delineation and warning of the curve * * * The narrow, loose, crumbly shoulder immediately adjacent to the open ditches and unmarked culverts, together with the lack of illumination and warning signs, made it probable that any vehicle leaving the road where the Pontello vehicle did would fall into the ditch rather than recovering. This factor was beyond doubt a substantial proximate cause of this crash because the Police Report * * * states * * * that when the Pontello vehicle left the road, it traveled with its right wheels down in the drainage ditch that was three feet deep and its left wheels on the loose, granular shoulder before striking the culvert. The measurements on the Police Report show the Pontello

vehicle became trapped in this position immediately after leaving the paved road. A car cannot be controlled in this position and within seconds, or less, at the posted speed, the Pontello vehicle would have hit the culvert, killing Pontello."

We must adjudge whether this proof is sufficient to create a triable issue of fact to defeat the county's summary judgment motion. In doing so, we are guided by certain general principles of law. It is well established that "[w]here there are several possible causes of an accident, for one or more of which a defendant is not responsible, a plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which the defendant was responsible" (*Stuart-Bullock v State of New York,* 38 AD2d 626, 627, affd 33 NY2d 418; see, also, *Agius v State of New York,* 50 AD2d 1049, 1050). "[I]f it is just as probable that the accident was the result of one cause as the other, liability will be denied, since a finding of liability would be based on mere speculation and speculation is not a substitute for proof." (1A Warren, NY Negligence, § 6.10, pp 242-243.) Allegations of negligence do not raise issues of fact requiring a trial unless there is a demonstration that such negligence was a proximate or concurring cause of the accident (see *Tomassi v Town of Union,* 46 NY2d 91; see, also, *Lomnitz v Town of Woodbury,* 81 AD2d 828). Thus, in *Murray v State of New York* (38 NY2d 782, 784), the Court of Appeals held that where there was absolutely no evidence whatsoever as to what caused an automobile to leave the junction ramp of an expressway, "[t]o argue * * * that the asserted negligence of the State [in designing, constructing and signing the ramp] was a substantial factor in bringing about this event or in aggravating injuries which the decedent passenger might otherwise have suffered is only to invite impermissible speculation." (See, also, *Sebukaty v State of New York,* 73 AD2d 705; *Agius v State of New York,* 50 AD2d 1049, *supra.*)

In this case there is no evidence as to what caused the decedent's car to leave the road, and to ascribe the county's alleged negligence in constructing, signing and maintaining the road as a cause would be mere conjecture. Standing alone, this claimed negligence may not be said to be a

substantial factor in bringing about this accident and extend the county's legal responsibility to cover this damage claim (see *Stuart-Bullock v State of New York,* 33 NY2d 418, *supra*). However, the fact that this alleged negligence cannot be considered as a cause of the vehicle's leaving the road in the first instance is inconsequential if plaintiff is able to show the existence of a factual issue to support a conclusion that the county's negligence was a substantial factor in producing the injuries from which Pontello died (see *Gutelle v City of New York,* 55 NY2d 794; see, also, *Stuart-Bullock v State of New York,* 33 NY2d 418, 421, *supra*). Thus, we must focus on the elements contained in plaintiff's proof which bear on reasonable care and proximate cause as related to the operation of the motor vehicle after it left the pavement portion of the road.

In analyzing the proof here it appears that the decedent's car left the road and did not simply plunge into the ditch, but straddled the shoulder for a distance of 62 feet before striking the culvert and then came to rest with its wheels on the shoulder. A jury could infer from this evidence and from the nature of physical damage to the motor vehicle and the car's location after the crash that, regardless of the reason why the car left the road, it became trapped along the shoulder with its right wheels in the ditch and its left wheels on the shoulder, and that it was unable to return to the road before striking the culvert.

The county has a duty to maintain the shoulder of this highway in a reasonably safe condition for foreseeable uses (see *Bottalico v State of New York,* 59 NY2d 302; *Protzman v State of New York,* 80 AD2d 719, affd 56 NY2d 821). "Injuries arising from a traveler's use of an improperly maintained roadway shoulder may be compensable through application of general principles of negligence and comparative negligence." (*Bottalico v State of New York, supra,* pp 304-305.) In our view plaintiff has submitted proof from which a jury could find that the county did not exercise reasonable care in the maintenance of the shoulder area and permitted the shoulder's surface to become distressed, loose, granular and crumbly and lower than the pavement edge, and that the county failed to provide a recovery area in accordance with appropriate standards.

On this record we hold that it would not be speculative for a jury to conclude that this negligence was a proximate cause of the accident and the consequent injuries to Pontello which resulted in his death (see *Warren v New York State Thruway Auth.*, 51 AD2d 679, mot for lv to app den 38 NY2d 712).

Summary judgment is a drastic remedy, rarely granted in negligence cases, which should be denied if there is any doubt as to the existence of a triable issue (see *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Andre v Pomeroy,* 35 NY2d 361, 364-365; *Loomis v Sun Oil Co.,* 79 AD2d 889). Moreover, there is a less stringent evidentiary standard applied in wrongful death cases, particularly where there is no eyewitness to the accident (see *Brady v City of New York,* 39 AD2d 600). In death cases there is a noticeable reluctance by the court to apply strictly the doctrine of contributory negligence and, where contributory negligence is an affirmative defense, decedent is presumed to have used due care (see *Rossman v La Grega,* 28 NY2d 300, 304-305).

Proximate cause is a triable issue in this case and properly should be left for a jury to determine (see *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). While the existence of the alleged defective shoulder here did not cause plaintiff's car to leave the highway, there is an issue of fact as to whether the condition of the shoulder was defective and played an effective role in producing Pontello's death. There is a reasonable view of the evidence upon which to assess liability, and summary judgment was not warranted (see *Eddy v Syracuse Univ.,* 78 AD2d 989, 990, mot for lv to app den 52 NY2d 705). Plaintiff should not be barred from presenting evidence to the trier of the fact on the issue of negligence in the maintenance of the shoulder area and proximate cause.

Accordingly, the order appealed from should be reversed, the county's motion for summary judgment denied and the complaint reinstated.

HANCOCK, JR., J. P., CALLAHAN, DENMAN and MOULE, JJ., concur.

Order unanimously reversed, with costs, motion denied and complaint reinstated.