■ MIRIAM OGINSKI, Individually and as Personal Representative of JOSEPH OGINSKI, Deceased, Appellant, v ALLAN ROSENBERG et al., Respondents.—In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered February 23, 1984, which, after a jury trial, was in favor of defendants and against plaintiff.

Judgment affirmed, with one bill of costs.

Under *Noseworthy v City of New York* (298 NY 76, 80) "in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence" *(accord, Schechter v Klanfer,* 28 NY2d 228). The rationale for the so-called *Noseworthy* doctrine is that due to the plaintiff's inability to testify, which may have been caused by the defendant, the bulk of the evidence adduced at trial will be circumstantial *(Horne v Metropolitan Tr. Auth.,* 82 AD2d 909). However, this lesser degree of proof pertains to the weight which the circumstantial evidence may be afforded by the jury, not to the standard of proof the plaintiff must meet. Therefore, the trial court's jury charge in the instant case, to the effect that if competing inferences are equally reasonable, the inference in accord with nonnegligence must be drawn, was not erroneous *(cf. Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313; *Ingersoll v Liberty Bank,* 278 NY 1; *Abbott v St. Luke's Mem. Hosp. Center,* 38 AD2d 176).

Furthermore, it cannot be said that the evidence adduced "so preponderates in favor of the plaintiff that the verdict for

the defendant[s] could not have been reached on any fair interpretation of the evidence" *(Busby v Malone,* 54 AD2d 572; *accord, Palmeri v Spies,* 69 AD2d 968). Thus the jury's verdict must be sustained. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.