■ NORMAN GRAY, Respondent, v STATE OF NEW YORK, Appellant.—Mahoney, P. J. Appeal from a judgment in favor of claimant, entered August 22, 1989, upon a decision of the Court of Claims (Lyons, J.).

On July 16, 1986 at about 9:30 A.M., claimant was driving a 10-wheel dump truck loaded with gravel at about 50 to 55 miles per hour northerly along State Route 66 in the Town of Ghent, Columbia County. Route 66 consists of two blacktopped lanes, one northbound and one southbound, each being 10½ to 11 feet wide. At the center are a broken yellow line northbound and a solid yellow line southbound. The outside edge of each travel lane is painted with a solid white line. About 450 feet south of the intersection of Route 66 and Konig Road, claimant lost control of his vehicle and, after swaying from the right lane to the left lane, the truck went off the right side of the road and tipped over thereby causing claimant to sustain serious bodily injuries. Thereafter, claimant filed a claim against the State and was awarded $53,000 after being found 50% culpable. The State appeals.

At trial claimant offered expert proof that Route 66 had areas of pavement up to approximately 6 to 8 inches in width immediately abutting the paved edge of the driving surfaces of the highway, but that some portions had no such areas of pavement. Lack of uniform maintenance and repeated application of resurfacing materials caused uneven road surfaces and excessive drop-offs of up to approximately seven inches to develop along portions of the edge of the northbound driving lane, particularly at the point where claimant's truck left the highway and overturned. It was also established that this condition existed and was inspected as early as 1983, thereby giving the State notice of this highway defect *(see, Sevilla v State of New York,* 111 AD2d 1046, 1048).

Claimant's proof further showed that the uneven driving surface of Route 66 caused his truck to veer to the right to such an extent that the right wheels of the vehicle went off the edge of the road, causing the weight of the gravel to shift. Because of this shift and the approximate seven-inch drop-off at the edge of the road, claimant's vehicle was caused to leave

the paved portion of the highway and tip over. This proof consisted of the testimony of Terrence Yates, who was driving another truck loaded with gravel immediately behind claimant, and Maureen De Pew, who happened to be looking out the window of her home on Route 66 at the time of the accident, and is corroborated by the investigation of Deputy Sheriff Paul Knott.

Yates testified to his observation of claimant's truck and De Pew testified that she observed claimant struggling to steer the truck back onto the highway after the right wheels went over the edge of the roadway. This, together with proof offered by Knott that claimant traveled for over 100 feet while his right side tires were off the roadway before the truck went down an embankment and turned over, was sufficient evidence to establish that the existing dangerous condition, the uneven road surface with the adjoining drop-off, was the proximate cause of the accident and claimant's resulting injuries *(see, e.g., Hanna v State of New York,* 152 AD2d 881).

The State's contention that it had no duty to provide a shoulder or improve or maintain land abutting the road does not alter our result. The State is obligated to construct and maintain its highways in a reasonably safe condition *(see, Bottalico v State of New York,* 59 NY2d 302, 305). The proof as credited by the Court of Claims establishes that the State, in allowing the poor condition of the road and drop-off, failed to satisfy its duties with regard to the condition of the road *(see, Sevilla v State of New York, supra).*

Finally, the allocation by the Court of Claims of 50% fault to claimant for the happening of the accident is not contested on this appeal.

Judgment affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.