■ ALEXANDER S. SCHEER, Respondent, v CITY OF NEW YORK, Appellant-Respondent, and CONSOLIDATED EDISON CORPORATION OF NEW YORK, Respondent-Appellant. [622 NYS2d 98] —In an action to recover damages for wrongful death, etc., the defendants separately appeal from a judgment of the Supreme Court, Queens County (Rutledge, J.), entered March 22, 1993, which, *inter alia,* upon a jury verdict, finding the defendant City of New York 75% at fault in the happening of the accident and the defendant Consolidated Edison Corporation of New York 25% at fault, is in favor of the plaintiff as the Executor of the Estate of Edna Birnbaum and against them in the principal sum of $254,812.30.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

A plaintiff in a negligence action who dies as a result of an accident is not held to as high a degree of proof as an injured plaintiff who can describe the occurrence *(Noseworthy v City of New York,* 298 NY 76; *Oginski v Rosenberg,* 115 AD2d 463). "Speculation, guess and surmise, however, may not be substituted for competent evidence, and where * * * there are several possible causes of an accident, one or more of which a defendant is not responsible for, a plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which the defendant was responsible" *(Agius v State of New York,* 50 AD2d 1049, 1050; *Bernstein v City of New York,* 69 NY2d 1020; *Stuart-Bullock v State of New York,* 38 AD2d 626, *affd* 33 NY2d 418). At bar, even after viewing the evidence in the light most favorable to the plaintiff, there was no showing that the alleged defect was the proximate cause of the decedent's accident.

In light of our determination, we need not reach the other

issues raised by the defendants. Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.