■ BEVERLYN JOHNSON et al., Appellants, v CHARLES P. SNIFFEN, Respondent. [696 NYS2d 211] —In an action to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated August 3, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A plaintiff in an action to recover damages for wrongful death "is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence" (*Noseworthy v City of New York,* 298 NY 76, 80; *Scheer v City of New York,* 211 AD2d 778; *Oginski v Rosenberg,* 115 AD2d 463). However, even in a wrongful death case, "[s]peculation, guess and surmise * * * may not be substituted for competent evidence, and where * * * there are several possible causes of an accident, one or more of which a defendant is not responsible for, a plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which the defendant was responsible" (*Aigus v State of New York,* 50 AD2d 1049, 1050; *see, Scheer v City of New York, supra,* at 778; *see also, Bernstein v City of New York,* 69 NY2d 1020).

Here, the plaintiffs' decedent drowned in the defendant's swimming pool. The only possible witness to the accident was the defendant's grandson, who was then five years old. In opposition to the summary judgment motion, wherein the defendant established, prima facie, his entitlement to that relief as a matter of law, the plaintiffs relied upon an alleged admission by the defendant's wife, who purportedly stated after the accident that the decedent had tripped over a garden hose and fallen into the pool. Assuming that the defendant's wife made the statement, it is undisputed that she did not witness the accident. Moreover, the defendant's wife testified at her deposition that her grandson and the decedent were playing in the pool at the time of the accident. Under these circumstances, where there are several equally plausible explanations for the accident, and no competent admissible proof of the plaintiffs' theory that the decedent tripped and fell into the pool, the defendant's motion for summary judgment was properly granted (*see, Byrd v New York City Tr. Auth.,* 228 AD2d 537; *Schafrick v Shinnecock Bait & Tackle Co.,* 204 AD2d 706; *Fleming v Kings Ridge Recreation Park,* 138 AD2d 451).

We further note that in response to this 1998 motion for summary judgment, the plaintiffs requested an opportunity to depose the defendant's grandson about the 1991 accident.

"[S]ummary judgment may not be defeated * * * where, as here, the side advancing such an argument has failed to ascertain the facts due to its own inaction" (*Meath v Mishrick,* 68 NY2d 992, 994; *see also, Michaels v Wetsell,* 255 AD2d 298; *Rivera v Our Lady of Knox R. C. Church,* 197 AD2d 764). Accordingly, the plaintiffs' belated claim that they should have an opportunity to depose the defendant's grandson does not warrant the denial of summary judgment. Joy, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.