JANET GONZALEZ, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [700 NYS2d 462] —Order, Supreme

Court, Bronx County (Janice Bowman, J.), entered on or about June 26, 1998, which denied defendant City of New York's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff's case against the City rests on two alleged roadway defects that are claimed to have contributed to the collision of the vehicle she was operating with a tree alongside the roadway. Plaintiff alleges, first, that there was a "drop off" of from four to eight inches at the right edge of the roadway, which was created by the juxtaposition of the roadway, which had been elevated by resurfacing, with allegedly deteriorated curbing of the adjoining median; and, second, that guardrails to protect motorists from colliding with the trees planted in the median, allegedly less than four feet from the roadway, were absent.

Assuming that these defects actually existed at the site of plaintiff's accident, the prior written notice requirement of the "pothole law" (Administrative Code of City of NY § 7-201 [c] [2]) does not apply, because the "drop off" was created by the City's affirmative act of resurfacing the roadway next to the deteriorated curb (*see, Cruz v City of New York*, 218 AD2d 546, 547-548), and because the failure to install guardrails was allegedly a design defect (*see, Merchant v Town of Halfmoon*, 194 AD2d 1031, 1032).

Insofar as the City's motion sought summary judgment on the merits, it was correctly denied, since the City's moving papers failed to satisfy its burden of proof on the motion on the issue of location of the accident and the absence at such location of the conditions asserted by plaintiff. Moreover, the affidavits of plaintiff's experts raised a triable issue as to whether the alleged "drop off" at the right edge of the roadway, by making it impossible for plaintiff to steer back onto the elevated portion of the roadway and directing plaintiff's vehicle toward the tree, would have been a substantial factor in aggravating plaintiff's injuries once she initially drove onto that portion of the roadway (*see, e.g., Temple v Chenango County*, 228 AD2d 938, 940, citing *Gutelle v City of New York*, 55 NY2d 794, 796). With regard to the absence of guardrails, the City has failed to establish its entitlement to a defense of qualified immunity (*see, Friedman v State of New York*, 67 NY2d 271, 284) as a matter of law, since it has not identified any evidence in the record showing that the absence of guardrails was the result of a deliberative decision-making process reflecting the construction standards of the time the roadway was originally designed, or that the continuing absence of guardrails over the years

resulted from the City's periodic review of its decision not to use them in light of experience gained in actually operating the roadway (*see, Appelbaum v County of Sullivan*, 222 AD2d 987, 989, citing *Cummins v County of Onondaga*, 198 AD2d 875, 877, *affd* 84 NY2d 322). Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Friedman, JJ.