■ DELLWIN B. DURRETT, Respondent, v TOWN OF BROOKHAVEN, Appellant. [701 NYS2d 626] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 17, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, it was not entitled to summary judgment based upon the doctrine of qualified immunity. The decision to install an asphalt berm on the right side of the subject roadway, without adding additional drainage, was not the "product of a deliberative decision making process of the type afforded immunity from judicial interference" (*Boyd v Trent,* 262 AD2d 260; *see, Holmes v City of Elmira,* 251 AD2d 844; *Appelbaum v County of Sullivan,* 222 AD2d 987; *Bounauito v William Floyd School Dist.,* 203 AD2d 225; *Merchant v Town of Halfmoon,* 194 AD2d 1031).

Additionally, the Supreme Court properly found that issues of fact exist regarding whether the appellant's alleged negligent design and construction of the subject roadway was a proximate cause of the accident (*see, Gayle v City of New York,* 92 NY2d 936).

Finally, the appellant's contention that it is entitled to summary judgment dismissing the complaint based upon the "doctrine of governmental immunity" is not properly before this Court because it was raised for the first time in the appellant's reply papers (*see, Turkish Airlines v American Airlines,* 249 AD2d 463). Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.