■ LEONOR BEECHER, Individually and as Administrator of the Estate of DONALD BEECHER, Deceased, et al., Respondents, v NORTHERN MEN'S SAUNA, Doing Business as NORTHERN MEN'S SAUNA AND HEALTH CLUB, et al., Respondents, and PAUL MOK, Appellant. [707 NYS2d 465] —In an action, *inter alia*, to recover damages for wrongful death, the defendant Paul Mok appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated December 15, 1998, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against him, and the action against the remaining defendants is severed.

On January 2, 1994, Donald Beecher died from smoke inhalation as a result of a fire which occurred inside premises owned by the defendant Joseph Vitulli. The defendant Paul Mok, an architect, had been retained by Vitulli in 1976 to draw up plans to construct an auto repair shop at the location. The construction was completed in 1982, and a certificate of occupancy was issued for the premises to be used as an auto repair shop. Thereafter, the defendant William Rogers leased the premises and converted the auto repair shop into a sauna. Mok took no part in the alteration.

The Supreme Court erred in denying Mok's motion for summary judgment on the ground that there was a triable issue as to whether the placement of the exit doors violated a New York City building code. Mok made a prima facie showing of his entitlement to summary judgment, thereby shifting the burden to the opposing parties to establish an issue of material fact to preclude the granting of summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557). The respondents came forward with no competent evidence to establish that Mok violated the building code (*see, 530 E. 89 Corp. v Unger*, 43 NY2d 776; *Christoforou v Lown*, 120 AD2d 387). Furthermore, even if a violation of the building code had been established, the respondents' claim that the placement of the exit doors proximately caused the decedent's death is premised solely upon speculation, guess, and surmise (*see, Bernstein v City of New York*, 69 NY2d 1020; *Johnson v Sniffen*, 265 AD2d 304; *Scheer v City of New York*, 211 AD2d 778). Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur.