■ Duane A. LaPlant, Respondent, v Town of Manchester, Appellant. [737 NYS2d 746] —Appeal from an order of Supreme Court, Ontario County (Doran, J.), entered January 11, 2001, which denied defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff was injured in a one-vehicle accident on Freshour Road in the Town of Manchester when he reached down to adjust the radio and his vehicle left the road and struck a utility pole. Plaintiff commenced this negligence action alleging that he was injured as a result of the "soft shoulder" of the roadway, which had been recently reconstructed as

part of a paving project. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant met its initial burden by submitting the deposition testimony of plaintiff wherein he admitted that he drove off the road when he reached to adjust his radio and by submitting evidence that the resurfacing and shoulder reconstruction were in accordance with the applicable specifications (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff failed to raise a material issue of fact by his expert's conclusory affidavit (*see, Phillips v McClellan St. Assoc.*, 262 AD2d 748; *see also, Sorriento v Daddario*, 282 AD2d 957, 958-959), which in any event fails to indicate that the "alleged defect" caused or contributed to the accident (*see, Elmer v Kratzer*, 249 AD2d 899, 901-902, *appeal dismissed* 92 NY2d 921).

All concur except Gorski and Lawton, JJ., who dissent and vote to affirm in the following memorandum.

Gorski and Lawton, JJ. (dissenting). We respectfully dissent and vote to affirm the order denying defendant's motion for summary judgment dismissing the complaint. Although we agree with the majority that defendant met its initial burden by establishing its entitlement to judgment as a matter of law, we disagree with the majority that plaintiff failed to raise a triable issue of fact.

In opposition to the motion, plaintiff submitted the affidavit of an engineer who determined that the shoulder of the road on which this one-vehicle accident occurred was improperly constructed inasmuch as the proper subbase was not prepared and the shoulder was not properly compacted. The expert stated that a "loose * * * [or] weak * * * shoulder is unacceptable in the industry because it * * * is a safety hazard." The deposition testimony of plaintiff indicated that, when his vehicle left the roadway and went onto the shoulder, "[t]he side of the road" "gave way" "like * * * a blowout" and he couldn't "bring the wheel back on the pavement." Plaintiff therefore was unable to avoid the utility pole at the edge of the shoulder.

In *Pontello v County of Onondaga* (94 AD2d 427, *lv dismissed* 60 NY2d 560), this Court reversed an order granting defendant county's motion seeking summary judgment dismissing the complaint. This Court determined in *Pontello* (*supra* at 429) that plaintiff raised an issue of fact by submitting the affidavit of a civil engineer who stated that a " 'narrow, loose, crumbly shoulder immediately adjacent to the open ditches and unmarked culverts, together with the lack of illumination and warning signs, made it probable that any vehicle leaving the

road * * * would fall into the ditch rather than recovering.'" This Court determined that, "[w]hile the existence of the alleged defective shoulder here did not cause plaintiff's car to leave the highway, there is an issue of fact as to whether the condition of the shoulder was defective and played an effective role in producing" the death of plaintiff's decedent (*Pontello v County of Onondaga, supra* at 432). We conclude that here, as in *Pontello* (*supra* at 432), "[t]here is a reasonable view of the evidence upon which to assess liability, and summary judgment [is] not warranted." In our view, plaintiff has submitted proof from which a jury could find that defendant did not exercise reasonable care in the construction of the shoulder, rendering the shoulder "loose" or "weak," and that defendant failed to provide an appropriate recovery area for vehicles in accordance with industry standards. Present—Hayes, J.P., Scudder, Burns, Gorski and Lawton, JJ.