■ CARRIE ANN L. GREEN, Respondent-Appellant, v COUNTY OF ALLEGANY, Appellant-Respondent. [752 NYS2d 487] —Appeal and cross appeal from an order of Supreme Court, Allegany County (NeMoyer, J.), entered September 25, 2001, which granted in part and denied in part defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff filed this action to recover damages for injuries that she sustained when she lost control of her vehicle on County Route 31. The vehicle veered off the road into a drainage ditch and struck the stone "headwall" of a drainage culvert. Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the claim that defendant negligently maintained the road surface and shoulder. Defendant has a duty to maintain its roadway in a reasonably safe condition (*see Stiuso v City of New York*, 87 NY2d 889, 890-891; *Friedman v State of New York*, 67 NY2d 271, 283; *Tomassi v Town of Union*, 46 NY2d 91, 97; *Lopes v Rostad*, 45 NY2d 617, 623). A comparable duty exists when "[defendant] undertakes to provide a paved strip or shoulder alongside [a] roadway" (*Stiuso*, 87 NY2d at 891; *see Bottalico v State of New York*, 59 NY2d 302, 304). Defendant "must maintain the shoulder in a reasonably safe condition for foreseeable uses, including its use resulting from a driver's negligence" (*Bottalico*, 59 NY2d at 304) or an emergency (*see Stiuso*, 87 NY2d at 891; *see also Gray v State of New York*, 163 AD2d 650, 651). Defendant failed to sustain its initial burden of demonstrating as a matter of law that it was free from negligence in the manner in which it maintained the road surface and shoulder (*see Gonzalez v City of New York*, 268 AD2d 214, 215; *Merchant v Town of Halfmoon*, 194 AD2d 1031,

1032). In any event, plaintiff raised a triable question of fact on that issue (*see Gonzalez,* 268 AD2d at 215; *Dannhauser v County of Suffolk,* 216 AD2d 514, 515; *Merchant,* 194 AD2d at 1032-1033; *Pontello v County of Onondaga,* 94 AD2d 427, 431-432, *lv dismissed* 60 NY2d 560, 1015), and on the issue whether the condition of the road surface or shoulder caused or contributed to plaintiff's injuries (*see Durrett v Town of Brookhaven,* 268 AD2d 405; *Merchant,* 194 AD2d at 1032-1033; *Pontello,* 94 AD2d at 431-432; *Woodcock v County of Niagara,* 52 AD2d 1087).

The court properly granted those parts of defendant's motion seeking summary judgment dismissing the claims that defendant was negligent in maintaining the drainage ditch and the culvert headwall. Travel by vehicles in the area of those features was "neither contemplated nor foreseeable" (*Tomassi,* 46 NY2d at 97; *see generally Bottalico,* 59 NY2d at 305-306; *Hyde v County of Rensselaer,* 51 NY2d 927, 929-930; *Kimber v State of New York,* 294 AD2d 692, 693-694; *Muller v State of New York,* 240 AD2d 881, 882). Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.