OPINION OF THE COURT
 

 Chief Judge Cooke.
 

 When the State or one of its governmental subdivisions undertakes to provide d paved strip or shoulder alongside a roadway, it must maintain the shoulder in a reasonably safe condition for foreseeable uses, including its use resulting from a driver’s negligence. Injuries arising from a traveler’s use of an improperly maintained roadway shoul
 
 *305
 
 der may be compensable through application of general principles of negligence and comparative negligence.
 

 Claimants brought these actions to recover for injuries sustained when the automobiles in which they were riding went out of control after encountering precipitous drops from the roadways onto the shoulders. In each case, the Court of Claims found that the State had negligently maintained the shoulder and that this was a proximate cause of plaintiffs’ injuries. The plaintiffs were also found to be negligent in driving off the roadway. Liability was apportioned according to fault.
 

 The sole question on these appeals is whether the State may be held liable for resulting injuries caused in part when a traveler negligently drives off the roadway onto a shoulder maintained in a dangerous condition. In providing a roadway itself, the State has a duty to maintain it in a reasonably safe condition (see
 
 Gutelle v City of New York,
 
 55 NY2d 794, 795;
 
 Tomassi v Town of Union,
 
 46 NY2d 91,
 
 97; Annino v City of Utica,
 
 276 NY 192, 196). A comparable duty exists when the State undertakes to provide a shoulder adjacent to the roadway. It must maintain the shoulder in a reasonably safe condition for the foreseeable uses of it.
 

 In
 
 Tomassi v Town of Union (supra),
 
 a municipality was held to be not liable for injuries caused when an automobile was negligently driven off a paved roadway into a drainage ditch. Implicit in that decision was that the municipality had no duty to improve and maintain the land abutting the roadway in a reasonably safe condition for passage by automobiles. Given that the road itself was adequately constructed, it was held that travel on adjacent land unimproved for use by automobiles was “neither contemplated nor foreseeable”
 
 (Tomassi v Town of Union, supra,
 
 at p 97; see, also,
 
 Flansburg v Town of Elbridge,
 
 205 NY 423;
 
 King v Village of Fort Ann,
 
 180 NY 496).
 

 It is, however, both foreseeable and contemplated that, once provided, an improved shoulder at times will be driven upon. A shoulder may be described as that land immediately adjacent to and running alongside the main or paved portion of the highway, improved for limited purposes such as for allowing distressed automobiles to
 
 *306
 
 move out of the flow of traffic (see Webster’s Third New International Dictionary [1963 ed], p 2104). Although constructed for limited purposes, the very existence of the shoulder alters a driver’s sense of safety and of the caution needed when traveling along the roadway. The driver may have no reason to expect that moving from the roadway to the shoulder might expose him or her to a grave risk of danger (see
 
 Taylor v State of New York,
 
 262 App Div 657, 658). Accordingly, the State has been held to owe a duty of maintaining a shoulder in a safe condition to travelers seeking refuge on a shoulder in an emergency situation (see, e.g.,
 
 Brown v State of New York,
 
 284 App Div 1014, affd no opn 308 NY
 
 980; Goodwin v State of New York,
 
 274 App Div 824, affd no opn 298 NY 873). No meaningful legal distinction can be made between a traveler who uses a shoulder with justification and one who uses it negligently insofar as how such conduct relates to whom a duty is owed to maintain the shoulder.
 
 *
 
 The comparative fault of the driver, of course, is relevant to apportioning liability.
 

 Accordingly, in Bottalico v State of New York, the order of the Appellate Division should be affirmed, with costs. In Minckler v State of New York, the order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division for review of the facts (see CPLR 5613).
 

 Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 In
 
 Bottalico v State of New York:
 
 Order affirmed, with
 
 costs.
 

 In
 
 Minckler v State of New York:
 
 Order reversed, with costs, and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.
 

 *
 

 This court’s decision in
 
 McCauley v State of New York
 
 (8 NY2d 938), is not to the contrary. In that case, although the State maintained a roadway shoulder so that it was 2 to 5 inches lower than the paved roadway, the complaint was dismissed because this condition was held not to be the proximate cause of the accident. In addition, decisions that have exonerated the State of liability under circumstances similar to the cases at bar were decided under the since abandoned rule of contributory negligence and have no bearing on the State’s duty to maintain an existing roadway shoulder in reasonably safe condition (see, e.g.,
 
 Rolando v Department of Transp. of State of
 
 N. Y., 58 AD2d 694;
 
 Guyotte v State of New York,
 
 22 AD2d 975).