724 P.2d 544

**NATIONAL INDEMNITY COMPANY, a Nebraska corporation, Plaintiff-Appellant,**

v.

**The ST. PAUL INSURANCE COMPANIES, a Minnesota corporation, Defendant-Appellee.**

No. 18291–PR.

Supreme Court of Arizona, En Banc.

March 13, 1986.

Renaud, Cook, Videan, Geiger & Drury by Robert M. Geiger, Phoenix, for plaintiff-appellant.

Jones, Skelton & Hochuli, Edward G. Hochuli, Donald L. Myles, Jr., Phoenix, for defendant-appellee.

HOLOHAN, Chief Justice.

National Indemnity Company brought an action against the defendant St. Paul Insurance Companies to compel St. Paul to contribute to the cost of defense borne by National in defending their mutual insured on claims covered by both insurers. The trial court entered judgment in favor of St. Paul. National appealed, and the Court of Appeals reversed. *National Indemnity Company vs. The St. Paul Insurance Companies*, 150 Ariz. 492, 724 P.2d 578 (App.1985). We granted St. Paul's petition for review to resolve the conflict in decisions on this subject between the divisions of our Court of Appeals.

The facts are not in dispute. In February 1980 Long's Portable Stalls, Inc. leased portable stalls for use at a horse show. In separate incidents during the exhibition, two horses were electrocuted. Two lawsuits were filed by the horse's owners against Long. Both National and St. Paul provided insurance coverage for these incidents. Under the policies issued by National and St. Paul, each was obligated to undertake the defense of Long. National defended Long in both actions; St. Paul refused to participate in the defense. Subsequently, St. Paul agreed to pay one-half of the settlement arranged by National, but it refused to contribute to the defense costs incurred by National in the defense of the claims.

In *Arizona Joint Underwriting Plan v. Glacier General Assurance Company,* 129 Ariz. 351, 631 P.2d 133 (App.1981), Division Two of the Court of Appeals held that, absent an agreement, where more than one insurance company has the duty to defend an insured, the insurance company actually defending the insured has no right to claim contribution from the other insurance company for the cost of defending the insured. *Id.* at 354, 631 P.2d at 137. In this case, Division One of the Court of Appeals rejects the position of Division Two and holds that the insurance company assuming the defense of their mutual insured can claim contribution from the other insurer.

The authorities are divided on the issue whether one insurance company can compel another insurance company to contribute to the cost of defense of an insured where each insurer has the duty to defend that insured. We have considered the authorities relied on by both divisions, and we believe that the authorities relied on by Division One are more persuasive. When an insurer has a duty to defend the insured, there should be no reward to the insurer for breaching that duty. A breach of the obligation to defend should not be encouraged, but the rule which allows an insurer to avoid the costs of defense tends to encourage an avoidance of the insurer's responsibilities.

■ Under the principle of equitable subrogation, the insurer which has performed the duty to provide a defense to its insured should be able to compel contribution for a share of the cost of defense from another insurer who had a similar obligation to the same insured but failed to perform it.

We approve the ruling of Division One which requires St. Paul to contribute to the costs of defense borne by National in defending their mutual insured. The decision of Division Two in *Arizona Joint Underwriting Plan vs. Glacier General Assurance Company, supra,* is disapproved.

St. Paul challenges the award of attorneys' fees by the Court of Appeals to Na-

tional. St. Paul points out that the only precedent in Arizona on the issue in controversy was *Arizona Joint Underwriting.* In light of this background, St. Paul argues that assessing attorneys' fees against it for relying on existing law would be unjust.

■ Under the principles set forth in *Associated Indemnity Corporation v. Warner,* 143 Ariz. 567, 694 P.2d 1181 (1985), the award of attorneys' fees to National for pursuing its claim in the trial and appellate courts does not appear to be justified. St. Paul had a right to rely on the only Arizona precedent on the issue, and that precedent would justify the legal position taken by St. Paul in resisting the demand of National. The award of attorneys' fees by the Court of Appeals is vacated.

The opinion of the Court of Appeals is approved in part and vacated in part. The judgment of the superior court is reversed, and the case is remanded to that court with directions to enter judgment for the plaintiff National Indemnity Company.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.