* Moeller, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

762 P.2d 594

**EX–CELL–O CORPORATION, a Michigan corporation, Plaintiff/Appellee,**

v.

**LINCOR PROPERTIES OF ARIZONA, Defendant/Appellant.**

No. 2 CA–CV 88–0128.

Court of Appeals of Arizona, Division 2, Department A.

April 29, 1988.

Review Denied Oct. 25, 1988.*

Shea & Wilks by Melvin J. Mirkin, Phoenix, for plaintiff/appellee.

Dioguardi, Poli & Ball, Ltd. by James B. Ball, Phoenix, for defendant/appellant.

## OPINION

HATHAWAY, Judge.

This is an appeal from the granting of a summary judgment in a lien priority dispute to determine which lien is senior, that of a landlord pursuant to A.R.S. § 33–362, or a security interest pursuant to Article 9 of the Uniform Commercial Code, A.R.S. §§ 47–9101, et seq. (UCC). The parties agree that no triable issues of fact exist. The sole issue on appeal is whether the trial court correctly ruled that appellee Ex–Cell–O Corporation's (Ex–Cell–O) security interest has priority over a landlord's lien held by appellant Lincor Properties of Arizona (Lincor). We find that it does and affirm.

## FACTS

On June 29, 1980, Tri–Tech Tool (Tri–Tech) entered into a lease agreement with Lincor's predecessor in interest. Tri–Tech began occupancy of the leased premises on August 15, 1982. On October 14, 1982, Ex–Cell–O filed a UCC financing statement with the Arizona Secretary of State, perfecting its security interest in equipment purchased from Ex–Cell–O and subsequently brought onto the leasehold by Tri–Tech. Tri–Tech defaulted on both its lease agreement with Lincor and its obligation to repay Ex–Cell–O, abandoning the leased premises and the equipment on February 15, 1986. The debts owed to Ex–Cell–O and Lincor by Tri–Tech each exceed the total value of the equipment.

Ex–Cell–O filed suit against Lincor in an attempt to replevy the equipment in which it holds a security interest, held by Lincor pursuant to a landlord's lien. Ex–Cell–O was successful and took possession of the equipment, posting a $40,000 replevin bond. Lincor subsequently filed a motion for summary judgment, followed by a response and cross-motion for summary judgment by Ex–Cell–O. The trial court ultimately denied Lincor's motion and granted Ex–Cell–O's motion, entering a formal judgment on July 10, 1987.

## PRIORITY DISPUTE

The precise issue presented in this case is one of first impression in Arizona. Generally, Article 9 priority disputes between secured parties with interests in the same property are controlled by the UCC. However, because the UCC specifically excludes landlord's liens arising by operation of law, a priority dispute between a landlord's lien and an Article 9 security interest must be resolved outside the UCC. A.R.S. § 47–9104(2).

A.R.S. § 33–362(A) provides in part: "The landlord shall have a lien on all property of his tenant not exempt by law, placed upon or used on the leased premises, until the rent is paid." Lincor argues that this statute confers priority on the landlord over all property on the premises, including that which is acquired after the tenant has moved on the premises. We disagree. While the statute does create a lien on property subsequently brought onto the leased premises, it does not purport to address or establish the priority of the lien vis-a-vis other forms of encumbrances.

Since as noted above the UCC does not determine priorities as between a landlord's lien and a security interest perfected under the code, most jurisdictions have held that the issue must be determined by non-code or pre-code law. See generally, 2 R. Powell, The Law of Real Property ¶ 230(2) (1986) and cases cited therein. The non-code cases in Arizona indicate that a creditor's interest which attaches prior to the time the goods are brought onto the leased premises takes priority over a landlord's lien. See *Bates & Springer of Arizona, Inc. v. Friermood*, 109 Ariz. 203, 507 P.2d 668 (1973) (landlord's lien is subordinate to interest of creditor under trust receipt); *Schatt–Ajax Industries v. Churchill*, 3 Ariz.App. 34, 411 P.2d 457 (1966) (landlord's lien is subordinate to creditor's interest under conditional sales contract.) Contrary to appellant's argument, the critical issue is not whether the creditor held title to the goods, but when his security interest attached.

Lincor argues that because the equipment is a chattel mortgage, it does not belong to the lender Ex–Cell–O, but instead belongs to Tri–Tech and is "of the tenant" and therefore subject to the landlord's lien. He bases this argument on the status of a chattel mortgage according to pre–UCC law. We find this argument unpersuasive. Although the instant dispute does not fall within the UCC, we do not ignore trends indicated by that body of law. The UCC does not address ownership as a determinative factor in priority disputes; it makes no distinction among chattel mortgages, conditional sales or trust receipts. Instead, the UCC is a comprehensive code dealing with secured transactions, regardless of ownership. This is a trend we choose to follow, not because the UCC so dictates, rather because it is a more practical, logical approach which conforms with the mobile lifestyle of our times.

Lincor further contends that, because a landlord's lien attaches at the commencement of tenancy, *Dewar v. Hagans,* 61 Ariz. 201, 146 P.2d 208 (1944), and because Tri–Tech's tenancy began before Ex–Cell–O's security interest was perfected, Lincor's lien was first in time and should thus prevail. We disagree. The general rule is that a landlord's lien attaches at the commencement of the term or when the property is first brought on the leased premises. See generally 1 American Law of Property § 3.72 (1952) and cases cited therein. Although landlord lien statutes vary from state to state, such a construction is not only consistent with the language of § 33–362(A) but, indeed, the only logical interpretation. To hold otherwise would mean that a party holding a security interest in goods subsequently brought onto premises leased by the debtor could never take priority over the landlord's lien, even though his interest was perfected before the goods arrived on the leasehold. We do not believe that the legislature intended such a result in enacting the landlord lien statute. If this reasoning prevailed, no lender would ever loan money to a lessee, for fear of always having a junior interest to the lessor/landlord. *Bates & Springer of Arizona, Inc. v. Friermood,*

*supra; Schatt–Ajax Industries v. Churchill,* supra. See also W. Boyd, *Secured Transactions in Arizona: A Lawyer's Guide to Article Nine of the UCC* 44–6 (1984).

In the present case, it is undisputed that Ex–Cell–O perfected its security interest in the equipment purchased by Tri–Tech prior to the time the equipment was brought onto the premises leased from Lincor's predecessor in interest. Accordingly, the trial court was correct in holding that Ex–Cell–O's security interest had priority over Lincor's landlord's lien.

## ATTORNEY'S FEES

Appellee's request for attorney's fees on appeal will be granted upon compliance with Ariz.R.Civ.App.P. 21(c), 17A A.R.S. "[R]ecovery of attorney's fees under the statute [A.R.S. § 12–341.01(A)] may be granted even if the successful party plaintiff was not a party to the contract which formed the basis of the claim." *National Indemnity Company v. St. Paul Insurance Companies,* 150 Ariz. 492, 495, 724 P.2d 578, 581 (App.1985) (approved in part and vacated in part, 150 Ariz. 458, 724 P.2d 544 (1986)).

Affirmed.

LACAGNINA, C.J., and ROLL, J., concur.