839 P.2d 444

The **HOME INDEMNITY COMPANY,**
a New Hampshire corporation,
**Plaintiff/Appellant,**

v.

**EMPLOYEE BENEFITS INSURANCE COMPANY, a foreign corporation, and the Orion Group, a foreign corporation, Defendants/Appellees.**

No. 2 CA–CV 92–0062.

Court of Appeals of Arizona,
Division 2, Department A.

April 9, 1992.

As Modified April 15, 1992.

Reconsideration Denied May 28, 1992.

Review Denied Nov. 17, 1992.

Broening, Oberg & Woods by Jan E. Cleator, Phoenix, for plaintiff/appellant.

Lewis and Roca by Barry Fish and James K. Kloss, Phoenix, for defendants/appellees.

## OPINION

LACAGNINA, Presiding Judge.

The Home Indemnity Company (Home) appeals from the granting of a motion to dismiss its claim for equitable subrogation against Employee Benefits Insurance Company and The Orion Group. Home argues that it has a right to recover the total amount of a settlement paid to a party injured by the negligence of its insured, Sierra Redi–Mix (Sierra), because the party injured was an employee of Sierra for whom Orion provided workers' compensation coverage and employer's liability insurance.

We conclude that the trial court correctly dismissed the claim asserted by Home because, as Sierra's insurer, it was obligated to defend it and pay for damages caused by Sierra's negligence, and its settlement of the injured party's claim did not give it a right of subrogation against Sierra or from Orion. *Industrial Indemnity Co. v. Beeson,* 132 Ariz. 503, 647 P.2d 634 (App.1982).

## FACTS

Kenneth Curfman sued Sierra for injuries received while operating a crane owned by Sierra. Sierra was insured under a general liability policy issued by Home and a workers' compensation and employer's liability policy issued by Orion. Through an attorney obtained and paid by Home, Sierra filed a motion for summary judgment alleging that Curfman was Sierra's employee and therefore barred by the exclusive remedy provisions of the workers' compensation statutes. Curfman responded and filed a cross-motion for summary judgment alleging that he was an independent contractor. Before the trial court ruled on the motions, Home paid Curfman $1,250,000 in settlement of his claim against Sierra. After the settlement, Home sued Orion for equitable subrogation. The trial court dismissed the claim on the ground that Arizona barred subrogation claims by one insurer against another of the same insured.

## DISCUSSION

Home bases its subrogation claim on *National Indemnity Co. v. St. Paul Ins. Co.,* 150 Ariz. 458, 724 P.2d 544 (1986), and *American Employers Co. v. Continental Casualty Co.,* 85 N.M. 346, 512 P.2d 674 (1973). These cases did not address the issue here, as they involved the breach of the insurer's duty to defend by carriers covering the same risk. That is not the situation in this case. It is undisputed that Home's general liability policy does not cover Sierra's liability for injuries to its employees and that Orion's workers' compensation and employer's liability policy does not cover third-party claims of negligence against its insured. The risks are different, and only one carrier is at risk depending on the status of the injured party. The injured party sued Sierra for common law negligence and damages. Only Home had the duty to defend this action against its insured.

On the other hand, if the injured party had filed a claim with the Industrial Commission for workers' compensation benefits, Orion had the duty to defend. Because the injured party did not file a workers' compensation claim or allege that he was an employee not bound by the exclusive remedy provided by workers' compensation statutes, Orion never had a duty to defend. The tort action Home defended was decided by application of the law governing negligence, comparative negligence, proximate cause and unlimited damages. Orion's policy covered any claims filed with the Industrial Commission in which negligence of the parties is irrelevant and damages are awarded according to a statutory scheme wherein the only issues are the extent of the injury and whether it was job related. The settlement by Home prior to a determination in the tort action of Curfman's status, and without the benefit of a declaratory action or reservation of rights against its insured, was a voluntary settlement of its own, sole contractual obligation to Sierra under the facts of this case, and no right of subrogation exists for it to claim reimbursement from Sierra or Orion. *Industrial Indemnity Co. v. Beeson, supra; Norfolk & Dedham Fire Ins. Co. v. Aetna Casualty & Surety Co.*, 132 Vt. 341, 318 A.2d 659 (1974); 16 G. Couch, COUCH ON INSURANCE 2d § 61:55 (Rev. ed. 1983).

Home argues that it only satisfied an obligation Orion owed to Sierra and that equity and justice should permit it to recover the amount paid in settlement. Home completely overlooks the obvious fact that if the trial court had determined that Curfman was an employee of Sierra at the time he was injured, the common law tort action for damages would have been dismissed, leaving Curfman with only his claim for workers' compensation. Benefits awarded under that statutory scheme are not the same as the $1,250,000 settlement for damages flowing from the common law tort action based on negligence. There is no equity or justice in requiring the workers' compensation carrier to pay common law tort damages voluntarily paid by the general liability insurance carrier to satisfy its own contractual obligation.

The judgment of the trial court is affirmed. Upon filing the proper affidavits pursuant to Ariz.R.Civ.App.P. 21(c), 17B A.R.S., Orion is awarded attorneys' fees and costs on appeal.

LIVERMORE, C.J., and HOWARD, J., concur.