■ FRANCIS MAHON et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 77359.) [624 NYS2d 191] —In a negligence claim to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Court of Claims (Blinder, J.), dated May 13, 1993, which, after a nonjury trial on the issue of liability, is in favor of the claimant and against it.

Ordered that the interlocutory judgment is affirmed, with costs.

The claimant was a motorcycle police officer who was patrolling the West Shore Expressway (hereinafter the expressway) at the time of the accident. He had pulled onto the shoulder of the expressway on police business. When he attempted to reenter the right lane, the front tire of the motorcycle struck a 2½-to-3-inch curb at the edge of the shoulder, and the motorcycle swerved out of control, skidding for approximately 200 feet. As a result of the accident, the claimant suffered debilitating injuries to his body, in particular to his head, which resulted, *inter alia,* in amnesia.

The claimant contends that the accident was caused by the existence of the curb, which had resulted from the faulty construction of that portion of the highway. Following a nonjury trial on the issue of liability, the Court of Claims found that the proximate cause of the accident was the State's failure to remove unsuitable natural soil and replace it with suitable subgrade material during the construction of the expressway. We affirm.

The State has a duty to construct its highways in a reasonably safe condition *(see, Bottalico v State of New York,* 59 NY2d 302, 305). The Court of Claims properly credited the unrebutted testimony of the claimant's expert that the soil at the location of the accident is unsuitable to support the expressway and that the construction plans required the removal of all unsuitable soil during the initial subgrading

process, which was not done. There was unrefuted eyewitness testimony that the motorcycle had swerved out of control as a direct result of moving from the depressed shoulder to the expressway. On the other hand, the State failed to offer any evidence that its implementation of the expressway's construction plans had not been a substantial factor in causing the shoulder to become depressed. Under these circumstances, the Court of Claims' ruling is not against the weight of the evidence.

There is no merit to the State's contentions that, pursuant to a maintenance agreement between the City of New York (hereinafter the City) and the State, the City accepted sole responsibility for maintenance of the expressway and that the State was thereby relieved of all responsibility (see, Highway Law § 349-c [3.4]). The maintenance agreement provided that the City would maintain the shoulder to prevent erosion, ruts and displacement. However, the agreement further provided that "[w]ork resulting from failures due to fault design or construction * * * will be performed by the [State] Department of Transportation."

The State's remaining contentions are unpreserved for appellate review or without merit. O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.