■ KEVIN C. MALLON et al., Appellants, v COUNTY OF ORANGE, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. CAROL EQUIPMENT COMPANY, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [847 NYS2d 124]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (L. Horowitz, J.), dated March 9, 2006, as granted the motion of the third-party defendant Carol Equipment Company, Inc., for summary judgment dismissing the complaint and third-party complaint insofar as asserted against it, and granted the motion of the defendant County of Orange to dismiss the complaint insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the third-party defendant Carol Equipment Company, Inc., which was for summary judgment dismissing the third-party complaint is dismissed, as the plaintiffs are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents County of Orange and Carol Equipment Company, Inc., payable by the plaintiffs.

The plaintiff Kevin C. Mallon (hereinafter the plaintiff) was seriously injured when his vehicle veered off an Orange County highway and struck a gravel mound located on unimproved land adjacent to the highway. The plaintiff was ejected from his vehicle. While a municipality has a nondelegable duty to maintain its roads and highways in a reasonably safe condition, a vehicle traveling on unimproved land adjacent to the roadway is generally not contemplated or foreseeable. Therefore, the municipality is under no duty to maintain that area for vehicular traffic (*see Stiuso v City of New York*, 87 NY2d 889, 891 [1995]; *Tomassi v Town of Union*, 46 NY2d 91 [1978]). In this case, the gravel mound was placed beyond the roadway and its shoulder, outside the travel portion of the highway. Thus, the respondents owed no duty to the plaintiff with regard to the gravel mound (*see Cave v Town of Galen*, 23 AD3d 1108 [2005]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.