■ VICTOR S. KLEINER et al., Respondents, v COUNTY OF ORANGE, Appellant, et al., Defendants. [866 NYS2d 727]—

In an action to recover damages for personal injuries, etc., the defendant County of Orange appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated February 19, 2006, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.

On August 15, 2003, at approximately 4:00 A.M., the plaintiff Victor Kleiner (hereinafter the plaintiff) was driving his car on a road constructed and maintained by the defendant County of Orange. The plaintiff was forced to swerve to the right when a deer suddenly darted in front of the car. The car's right tires "dropped" off of the pavement and onto an unimproved strip of land adjacent to the pavement. The plaintiff, who steered to the left, was able to get the car's front right tire back onto the pavement. However, the car's rear tires slid into a ditch running parallel to the road. The car began to slide sideways until it met a driveway spanning the ditch and flipped over.

The plaintiff and his wife, derivatively, subsequently commenced the instant action against the County and others alleging, inter alia, that the County was negligent in its construction and maintenance of the area where the accident occurred. In the order appealed from, the Supreme Court denied the County's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

On its motion, the County established its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The County demonstrated that it did not have prior written notice of a dangerous condition in the portion of the road on which the accident occurred (see Ferreira v County of Orange, 34 AD3d 724, 724-725 [2006]; Local Law No. 3 [1978] of Orange County; see also Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 366 [1966]), and that it neither created nor had actual or constructive notice of any dangerous condition in the area in which the accident occurred.

In opposition, the plaintiff failed to raise a triable issue of fact

(see *Alvarez v Prospect Hosp.,* 68 NY2d at 324). The plaintiff submitted, inter alia, an affidavit of an expert engineer who inspected the area where the accident occurred, and identified certain allegedly dangerous conditions present there. However, the plaintiff failed to provide evidence showing that the County either created or had actual or constructive knowledge of those conditions, which were not located within an area that the County improved for vehicular travel (see *Tomassi v Town of Union,* 46 NY2d 91, 97 [1978]; *Mallon v County of Orange,* 45 AD3d 816, 817 [2007]; *Owens v Campbell,* 16 AD3d 1000, 1001 [2005]; *cf. Stiuso v City of New York,* 87 NY2d 889, 890-891 [1995]; *Bottalico v State of New York,* 59 NY2d 302, 304-306 [1983]). Accordingly, the Supreme Court should have granted the County's motion for summary judgment dismissing the complaint insofar as asserted against it.

In light of the foregoing, the County's remaining contentions have been rendered academic. Fisher, J.P., Covello, McCarthy and Leventhal, JJ., concur.