**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NAVIGATORS SPECIALTY
INSURANCE COMPANY, a New York
Corporation,

          Plaintiff-Appellee,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY,

          Defendant-Appellant.

Nos. 14-17085
      15-16295

D.C. No. 2:13-cv-01062-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted November 18, 2016[**]
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

**1.** We affirm the district court's holding that the Business Auto Policy

issued by Nationwide Mutual Insurance Company (Nationwide) to Titan Framing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Company (Titan) provided coverage for the defense and settlement of Susan McArdle's wrongful death action against Titan.  The policy's plain language states that it covers "any auto," but it is unclear whether "any auto" covers the vehicle here.  In *First American Title Insurance Co. v. Johnson Bank*, 372 P.3d 292, 296 (Ariz. 2016), the Arizona Supreme Court explained that uncertainties in an insurance contract, such as the meaning of "any auto" in Nationwide's policy, must be resolved in the following manner:  "If a clause appears ambiguous, we interpret it by looking to legislative goals, social policy, and the transaction as a whole.  If an ambiguity remains after considering these factors, we construe it against the insurer."  Consideration of the legislative goals, social policy, and the transaction between Nationwide and Titan as a whole does not resolve the uncertainty of the term "any auto."  Accordingly, under Arizona Supreme Court law, the term "any auto" must be construed against Nationwide.  The district court correctly concluded that the Business Auto Policy covered the claims in the McArdle action.

**2.**  The district court did not err in holding that the principle of equitable subrogation entitled Navigators Specialty Insurance Company (Navigators) to contribution from Nationwide.  Under the principle of equitable subrogation, an insurer that has provided a defense to an insured can compel contribution from "another insurer who had a similar obligation to the same insured."  *National*

*Indemnity Co. v. St. Paul Insurance Companies*, 724 P.2d 544, 545 (Ariz. 1986) (en banc); *see also Sourcecorp, Inc. v. Norcutt*, 258 P.3d 281, 285 (Ariz. Ct. App. 2011) (noting that equitable subrogation extends not only to defense costs but also to any debt that ought to be paid by one creditor rather than another). Nationwide and Navigators had similar obligations to Titan—under Arizona law, they both provided primary coverage for McArdle's claims. *See Harbor Insurance Co. v. United Services Automobile Ass'n*, 559 P.2d 178, 183 (Ariz. Ct. App. 1976). The district court did not err in holding that Nationwide must reimburse Navigators in the amount of $218,357.46, half of Navigators' settlement costs and half of its defense costs from the date of tender to Nationwide. *See Nucor Corp. v. Employers Insurance Co. of Wausau*, 296 P.3d 74, 85 (Ariz. Ct. App. 2012) (allocating defense costs among insurers is a matter of equitable judicial discretion).

**3.** The district court did not err in awarding Navigators reasonable attorney's fees under Arizona Revised Statutes § 12-341.01(A). *See California Casualty Insurance Co. v. American Family Mutual Insurance Co.*, 94 P.3d 616, 622 (Ariz. Ct. App. 2004).

**AFFIRMED.**